IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER P. TORGERSON,

                    Plaintiff,

        v.

DIANE SENNHOLZ, CLERK OF COURT STAFF,                 OPINION & ORDER
THE WAUSAU DAILY HERALD, GANNETT CO.,
INC., GENERAL MANAGER/REGIONAL DIRECTOR                   15-cv-166-jdp
OF SALES, ADVERTISING DIRECTOR, EDITOR,
OPERATIONS MANAGER, GENERAL MANAGER
PRODUCTIONS, and REPORTER,

                    Defendants.

---

Plaintiff Kristopher Torgerson, a prisoner in the custody of the Wisconsin Department of Corrections at the Waupun Correctional Institution, has filed a proposed civil lawsuit against Marathon County Circuit Court and Wausau Daily Herald staff for leaking and publishing information about him from a sealed warrant in a criminal investigation. After filing his original complaint, plaintiff filed an amended complaint, Dkt. 8, which I will consider to be the operative pleading in this case.

Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court. The next step in this case is to screen the amended complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that I must stay the case under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and I will direct the clerk of court to administratively close the case.

ALLEGATIONS OF FACT

Plaintiff Kristopher Torgerson is an inmate at the Waupun Correctional Institution. On August 25, 2012, the Wausau Daily Herald ran a story in conjunction with the 2010 disappearance of a local woman, stating that plaintiff told another person that he had killed the woman. Daily Herald staff told plaintiff that his statement was uncovered by a reporter given access to a sealed court file. Defendant Diane Sennholz, the clerk of the Marathon County Circuit Court, told plaintiff that the information likely came from a sealed search warrant.

Plaintiff states that his mobile phone records had previously been obtained by the Wausau Police Department after applying for a warrant from a Marathon County judge under Wisconsin Statute § 968.375 ("Subpoenas and warrants for records or communications of customers of an electronic communication service or remote computing service provider."). I take plaintiff to be saying that the statement about plaintiff killing the woman was part of the sealed warrant application. Plaintiff believes that Sennholz or a member of her staff allowed the newspaper reporter access to the sealed record.

Plaintiff states that the Daily Herald story "knowingly influenced the course of the investigation against plaintiff," and led to a "high volume of witnesses against" him. Dkt. 8, at 4. It also led to plaintiff's bail being raised in a separate criminal matter, cost him more in

legal fees, and has caused him mental anguish, depression, and loss of "love, affection, care and comfort from his family and friends." *Id*.

ANALYSIS

Plaintiff brings claims against defendant Sennholz and unnamed "John Doe" staff members for violating his constitutional rights to due process and equal protection by leaking information from sealed court records. Plaintiff brings the same claims against defendant Wausau Daily Herald and John Doe employees for conspiring with government officials to violate his constitutional rights. *See Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999) ("Injured parties can attempt to prove that a private party conspired with state actors to deprive them of their constitutional rights.").

Plaintiff's allegations are somewhat vague regarding how he was harmed by the disclosure of sealed information. But at least one aspect of the harm plaintiff claims to have suffered is that he has been "deprived . . . of his due process rights to criminal procedure," Dkt. 8, at 8, and plaintiff seeks "a permanent injunction which stops the co-defendants from promoting, publishing and handling any criminal, family and civil actions in relation to the plaintiff and transfer all filed documents past, present or future to another county clerks office." *Id*. at 9-10.

I will abstain from considering this case for the time being because plaintiff's criminal proceeding is still ongoing. Plaintiff currently faces charges of first-degree intentional homicide, armed robbery, and hiding a corpse in Marathon County Case No. 2014CF860. Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with

ongoing state criminal prosecutions, except in limited circumstances not present here. 401 U.S. at 45. Plaintiff must bring his arguments about the violation of his due process rights directly to his state criminal court before bringing a lawsuit about the deprivation in this court.

Because *Younger* applies, I may abstain by dismissing the suit or by staying it. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "The pivotal question in making this determination is whether any of the relief sought by the plaintiff in [his] federal action is unavailable in the state action." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 600 (7th Cir. 2007). Because the money damages plaintiff seeks are not available in his state court proceedings, I must stay this case, although I will direct the clerk of court to close the case for administrative purposes now.

Plaintiff is free to file a motion to reopen this case after the conclusion of the pending state criminal proceedings, including his appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But even if plaintiff plans to do so, he should be aware that his complaint has problems that would need to be fixed before I would be able to consider whether he could maintain any claims for relief. I would direct plaintiff to amend his complaint to specify the basis for his claims, including specifically how he was harmed by the disclosure, and why he believes that his rights were violated. For instance, plaintiff does not make clear whether he believes that defendants violated his rights merely by violating the court's seal, or whether he believes that they violated his rights by intentionally publicizing false information that they knew would harm plaintiff's reputation. Also, if the pending criminal case results in plaintiff's conviction, and plaintiff reopens this case, I would likely have to dismiss at least portions of plaintiff's claims

it because a judgment in his favor in this court could imply the invalidity of his conviction.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## ORDER

IT IS ORDERED that this case is STAYED, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Kristopher Torgerson's state criminal proceedings. The clerk of court is directed to administratively close this case.

Entered July 12, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge